DECISION
This non-jury case was tried on April 17, 2001. At the conclusion of testimony, the Court asked the parties to provide a copy of the Town of Richmond's Travel Trailer Parking Area Ordinance, a copy of the Wawaloam Campground regulations for campers, and the names and addresses of campers booked at Wawaloam Campground as of May 28, 2001.
The parties provided those documents to the Court.
The Court later asked the parties to provide proposed findings of fact. The plaintiff Town of Richmond's proposed findings of fact were presented on December 19, 2001 and the defendants' on August 15, 2002. The parties, in the meanwhile, were negotiating possible amicable settlements of many other issues in an attempt to achieve a "global" settlement.
1. Wawaloam Reservation, Inc., a Rhode Island business corporation, owns property at 510 Gardiner Road in Richmond on which it operates a facility called Wawaloam Campground.
2. Defendants James Smith and Maureen Smith are the owners and operators of Wawaloam Reservation, Inc. and Wawaloam Campground.
3. Wawaloam Campground contains approximately three hundred (300) campsites that are leased on a seasonal or transient basis.
4. This action was instituted by the Town of Richmond ("Town) against Wawaloam in 1993 for its alleged failure to obtain a license to operate a travel trailer parking area pursuant to R.I.G.L. § 10-1-1 and Chapter 15.12 of the Richmond Code of Ordinances. The action also alleged that Wawaloam constituted a nuisance.
5. In 1995, Richmond Alternate Building Official John Pagliaro conducted inspections at Wawaloam Campground.
6. In a violation notice to James and Maureen Smith and Wawaloam Reservation, Inc. dated November 9, 1995, Pagliaro alleged various violations of the Rhode Island State Building Code at Wawaloam Campground.
7. Among the violations were violations categorized by their location, particularly at individual campsites.
8. The Town never gave notice to site occupants of the violations.
9. James and Maureen Smith and Wawaloam Reservation, Inc. appealed the November 9, 1995 violation notice to the Richmond Building Code Board of Appeals.
10. In a written decision dated March 13, 1996, the Richmond Building Code Board of Appeals upheld most of the violations cited in the November 9, 1995 notice.
11. James and Maureen Smith and Wawaloam Reservation, Inc. appealed the decision of the Richmond Building Code Board of Appeals to the Rhode Island Building Code Standards Committee, sitting as the Board of Standards and Appeals.
12. In a written decision dated June 7, 1996, the Rhode Island Building Code Standards Committee upheld most of the violations cited in the November 9, 1995 notice.
13. James Smith, Maureen Smith, and Wawaloam Reservation, Inc. did not appeal the decision of the Rhode Island Building Code Standards Committee to the Rhode Island Superior court.
14. In January, 1997, the Town filed an Amended Complaint against Wawaloam Campground, James Smith, and Maureen Smith alleging violations of the Rhode Island State Building Code. That case is the one now pending for decision before this Court. (A copy of the Amended Complaint marked to show the portions subsequently dismissed by stipulation was attached to the Plaintiff's Pre-trial Memorandum as Exhibit A.)
15. In September of 2000, Richmond Alternate Building Official Russell W. Brown conducted inspections at Wawaloam Campground to determine whether any building code violations cited in 1995 were still outstanding.
16. Violations of the Rhode Island State Building Code existed at the structures located at individual campsites listed in the document prepared by Russell W. Brown entitled "Individual Campsites at Wawaloam Campground at which Building Code Violations Cited in 1995 Still Exist as of September, 2000."
17. The Bathhouse at Wawaloam Campground is in violation of Section 809.2 (1995) of the Rhode Island State Building Code because the deck lacks the proper number of exits.
18. The structures located on the Individual Campsites are not owned by the Smiths or Wawaloam Reservation, Inc., but are owned by individuals who are not parties to this action and who have never received notice from the Town of the action and the effect it may have on their property.
 CONCLUSION
The only issue presently before the Court, as agreed to by the parties, is whether or not Wawaloam Reservation, Inc. and James Smith and Maureen Smith, as the owners of and operators of the campsite, should be compelled to take appropriate action to enforce the Rhode Island Building Code on their premises even though the structures complained of are owned and were placed at the campsite by the individuals who were renting the campsite.
The defendants presented the Court with a copy of the Rules and Regulations issued to the campsite lessees as applicable for calendar year 2000. Among the rules is a paragraph which reads as follows:
 "SITE MAINTENANCE AND ALTERATIONS Site maintenance is the responsibility of each individual party. The campground does not mow sites or rake leaves on existing seasonal sites. Each party is responsible for their own site maintenance. Alterations, such as platforms, sheds, etc.; must be approved by the office before being erected. Platforms must be no wider tha[n] 8 feet and no longer than the length of your trailer. They must be built in 4x8 foot sections, bolted underneath, to provide easy maneuverability in the event one must be relocated. The platforms should be made from pressure treated or other approved wood and should remain close to the ground. PLEASE ask questions before beginning to build something that could end up costing a lot of money if done incorrectly. We can answer your questions. Don't hesitate! Also, don't forget that cement platforms are always an option. Seasonals are allowed one shed per site. The shed must be no larger than 8x10 feet. Absolutely no horseshoe pits will be allowed on sites. There are several pits behind the pavilion for your pitching pleasure!"
This is an example of the defendants' instructions on how the camp is to be governed and by whom.
While the defendants assert that the individual campsite occupiers should be directed to comply with the building code or the building inspectors and the Town, the Court rules that the defendants as owners/operators of the camp have complete control of the area and are well positioned to have campers comply with the Building Code.
Thus, the defendants are ordered forthwith to initiate necessary action to have each individual campsite comply with the Building Code by communicating with the campsite lessees and advising them to comply with corrective measures to rectify the noted violations.
All violations are to be corrected by August 30, 2003.
The plaintiff is to present an order in accordance with this Decision.